No. 938—Claim denied.)

AUGUST TOEDTER, EDWARD TOEDTER AND MATILDA TOEDTER, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 26, 1927.*

EMINENT DOMAIN—*judgment of court in condemnation proceeding binding.* The county court in condemnation proceedings, having all parties interested in the subject matter before it, is binding upon all parties thereto, until it is reversed, modified or otherwise adjudged erroneous.

FORMER ADJUDICATION—*same question cannot again be litigated.* Where the court having jurisdiction of the subject matter and of the parties decides a controversy, the same question or issue involved is settled forever between them, and all persons in privity with them or either of them, and neither of them can again litigate any fact or question which was decided in the former proceeding, or could have been raised in the former proceeding.

COURT OF CLAIMS—*when without jurisdiction.* The Court of Claims is without jurisdiction to determine whether the county court erred in its decision in a condemnation proceeding. The remedy is an appeal from the decision.

OSCAR W. HOBERG, for claimant.

OSCAR E. CARLSTROM, Attorney General; ROY D. JOHNSON, Assistant Attorney General, for respondent.

MR. JUSTICE THOMAS delivered the opinion of the court:

Claimants are the widow and two sons of John Toedter, deceased, who died testate in LaSalle county, May 20, 1923. By the terms of deceased's will his widow is given a life estate in the lands described in the declaration in this case and the two sons are given the remainder in fee.

On May 17, 1924, the Department of Public Works and Buildings, acting for and on behalf of the people of the State

of Illinois, filed a petition in the county court of LaSalle county to condemn a strip of land containing 1.385 acres out of the lands of claimant for the right of way of a portion of State Route No. 2. Claimants were made parties defendant to the condemnation proceedings, were served with process and appeared and contested the action. In that suit claimants contended that the other and adjacent lands of theirs described in the declaration filed in this case would be damaged by the construction of the proposed road and offered testimony to prove such damages. But the court refused to permit them to give such evidence because they had filed no cross-petition praying to have such damages ascertained. Thereupon claimant moved the court for leave to file such cross-petition instanter but the court denied their motion. Evidence was introduced by both the State and claimants and the jury having viewed the premises returned a verdict fixing the compensation of claimants for the land taken at $415.50, and judgment was rendered for that amount. Claimants prayed an appeal to the Supreme Court which was granted. They did not perfect their appeal and the judgment of the trial court became final. The foregoing facts all appear from the allegations of the declaration filed in this case, and claimants are now asking this court to award them the damages for lands not taken which the county court refused to permit them to prove in the condemnation proceedings.

The Attorney General filed a demurrer to the declaration, and evidence has been submitted by both parties.

The power of eminent domain is inherent in the State, and all citizens hold their property subject to the right of the State to take it for public use. The only litigation on the power of the State to appropriate private property for public use is that just compensation shall be paid to the owner of the property so appropriated. Where the owner and the State cannot agree on the compensation to be paid the State may institute proceedings in a court of competent jurisdiction to have the compensation fixed by a jury, and that was done in this case. By filing the petition to condemn the lands of claimants the State voluntarily submitted itself to the jurisdiction of the county court, and by the service of the summons on claimants the court acquired jurisdiction of them. The court thereby became clothed with power to adjudicate and decide all questions connected with and arising out of the

condemnation proceedings. In that suit claimants sought to show that the construction of the proposed road through their land would result in damages to the land not taken for right of way purposes, but the court refused to permit them to make such showing. That question was one properly before the court in those proceedings and its judgment thereon is binding upon all the parties thereto so long as it stands unreversed. When any question has been finally determined in a proceeding in a court having jurisdiction of the subject matter and parties in the action such question cannot again be litigated between the same parties either before the same or another tribunal until that adjudication has been reversed, modified or otherwise adjudged erroneous. In *U. P. Ry. Co.* v. *C. R. I. & P. Ry. Co.,* 164 Ill., at page 105, the Supreme Court in discussing this question said: "The rule deducible from the cases in this State is, that a question which is involved within the issues of a former controversy is conclusively settled, as between the parties, by the decision in that controversy, whether the court in its judgment passed specifically on that particular question or not." In *Chicago Terminal R. R. Co.* v. *Barrett,* 252 Ill., at page 89, the rule is announced in the following language: "When a court having jurisdiction decides a controversy, the question involved is settled forever between the parties to the suit and persons in privity with them, and neither can again litigate with the other any fact or question actually or directly in issue which was passed upon and determined by the court." The county court of LaSalle county had jurisdiction of the subject matter of the condemnation proceedings and of the parties to it. The subject matter included the question of damages to lands of claimants not taken for right of way purposes. Claimants submitted that question to the court for decision (1) by offering to prove such damages and (2) by asking leave to file a cross-petition setting up such damages. The county court decided the question adversely to the contention of claimants. That decision was not appealed from and is still in full force and effect and binding upon all parties to that suit. Whether or not the county court erred in its decision is a question which this court has no jurisdiction to determine. Under the provisions of section 12 of the Eminent Domain Act claimants had the right to appeal from that judgment to the Supreme Court. The county court granted them an appeal in accordance with the provisions of law but they did not see

proper to perfect it. Not having done so, the judgment became final and they are bound by it, and cannot re-litigate the question in this court.

The declaration showing on its face that claimants have no cause of action, the demurrer will be sustained.

Although claimants' declaration shows they are not entitled to maintain their action, we have carefully read and considered all the evidence introduced in the case and the arguments in support of their claim, and have reached the conclusion that they have suffered no damage by the construction of the road other than the value of the land taken for right of way.

The claim will therefore be disallowed and the cause dismissed.